Per Curiam.

The action here is predicated on the statutory right conferred upon plaintiff by the provisions of section 167 of the Insurance Law. It does not flow to plaintiff from the rights which accrued to the policyholder and plaintiff is not a person deriving his title through or under deceased by assignment or otherwise. Consequently, section 347 of the Civil Practice Act is not a bar to the receipt in evidence of the testimony adduced during the trial of the City Court action, nor does it prohibit the admission of the statement signed by deceased.
In its attempt to prove non-co-operation defendant was also entitled to adduce the testimony of its witness Dubrowski to show if it could that Berkowitz acknowledged the truth of the written statement but testified otherwise at the trial. Plaintiff’s inability to contradict Dubrowski because of Berkowitz’ death, unfortunate as it may be for plaintiff, does not render Dubrowski’s testimony inadmissible.
It was error, therefore, for the court below to exclude the items indicated, and the judgment should be reversed so that defendant may have the opportunity of developing its defense at a new trial.
The judgment should be reversed and new trial ordered, with $30 costs to appellant.
Hofstadter, Steubr and Hecht, JJ., concur.
Judgment reversed, etc.